UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-132-GFVT

TYRONE A. HORTON-BEY                          PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, ET AL.                       DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

Plaintiff Tyrone A. Horton-Bey ("Horton-Bey"), an inmate confined at the United States Penitentiary-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), filed this action under the Federal Tort Claims Act ("FTCA") on June 14, 2007. [Record No. 3] The Complaint alleges that prison medical staff acted negligently when they prescribed naproxen sodium to address his chronic pain notwithstanding their knowledge of his prior medical history of high blood pressure and heart problems.

Horton-Bey filed supporting materials with his Complaint, but did not include documentation of his efforts to exhaust his administrative remedies. On June 22, 2007, the Court entered an Order directing Horton-Bey to file such documentation into the record. [Record No. 6] Horton-Bey responded by filing extensive documentation of his efforts to invoke the BOP's prisoner grievance system, along with a completed one-page form requesting administrative settlement of his claim under the FTCA dated February 4, 2007. [Record No. 7] However, Horton-Bey did not include any response from the BOP to that request.

On July 12, 2007, the Court entered its Order requiring Horton-Bey to file a copy of the BOP's response to his request for informal settlement of his claim under the FTCA. [Record No.

11]. In his response, Horton-Bey does not include any response from the BOP, instead stating that "the BOP has chosen not to acknowledge or recognize said offer." [Record No. 12]

The FTCA requires a potential plaintiff to exhaust administrative remedies before filing suit upon his or her claim. The plaintiff must first submit his claim to the administrative agency for possible administrative resolution, and then the agency must issue a letter formally declining to settle the claim. 28 U.S.C. § 2675(a). The agency must take final action in response to the offer within six months, and if it fails to do so the claimant has the option to treat such inaction as a final denial of his claim. *Id*. Once the agency issues a letter declining administrative resolution, the claimant must file suit under the FTCA within six months. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 856 (6th Cir. 2002) (FTCA plaintiff must file suit within six months after the agency mails the notice of final denial of the claim).

In this case, Horton-Bey has not provided the Court with documentation demonstrating that the BOP has taken final action denying his request for administrative resolution. In addition, Horton-Bey may not elect to treat the BOP's failure to respond as a final denial until six months after he presented his claim. 28 U.S.C. § 2675(a); *Reynolds El v. Husk*, 273 F. Supp. 2d 11, 13 (D.D.C. 2002). Horton-Bey sent his request to the BOP on February 4, 2007, and thus any right to treat the BOP's failure to respond as a final denial can not mature until August 4, 2007, if at all. Because the record demonstrates that Horton-Bey did not exhaust his administrative remedies before filing suit, this case must be dismissed without prejudice. *Pace v. Platt*, 2002 WL 32098709, *4-5 (N.D. Fla. 2002), *aff'd*, 2003 WL 21068351 (10th Cir. 2003) (plaintiff's allegation that he "made demand upon the [IRS] and has received no response" failed to demonstrate exhaustion of FTCA remedies before filing suit since no allegation was made that plaintiff was either formally denied settlement of his claim or filed suit more than six months after filing his administrative claim without response); *Kirkland v. Dist. of Columbia*, 789

F. Supp. 3, *4 (D.D.C. 1992) (district court lacks jurisdiction over FTCA claim if agency has not yet been afforded six months to respond to claim).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

(2) This is a **FINAL** and **APPEALABLE** order.

(3) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 2nd day of August, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge